IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

BRYON FETTY,

    Plaintiff,

vs.

SOUTH FORK HARVESTERS INC. and ANDREW WILHELM,

    Defendants.

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff, Bryon Fetty, through his attorneys, The Greer Law Group, PLLC, respectfully submits the following Complaint for Damages and Jury Demand:

### I. JURISDICTION AND VENUE

1. Plaintiff Bryon Fetty ("Mr. Fetty") is and was at all times relevant to this Complaint an individual residing in Strasburg, Colorado.

2. South Fork Harvesters Inc. ("South Fork") is a Nebraska Corporation. The principle place of business is listed as 63700 CR 31, IN 46528. The office address for South Fork Harvesters Inc. is 33270 740 RD. Imperial, NE 69033.

3. The alleged negligent actions alleged herein occurred in Adams County, Colorado.

4. At the time of the alleged negligent actions, Defendant Wilhelm was a resident of Nebraska.

5. Upon information and belief, Defendant Wilhelm is currently a resident of Delaware.

6. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1346(b)(1).

7. Venue is proper because the negligent actions alleged herein occurred in the District of Colorado.

## II. GENERAL ALLEGATIONS

8. At all relevant times, including at the time of the collision, Mr. Wilhelm was an employee of South Fork, acting within the course and scope of his employment.

9. On July 25, 2017 at approximately 9:50 p.m., Mr. Wilhelm was operating a tractor-trailer truck for the South Fork, traveling northbound on Downing Street, in the left lane.

10. Based on the police report, Mr. Wilhelm was turning from east on 104th Avenue, to north on Colorado 79. Mr. Fetty was travelling north on Colorado 79 approximately 0.7 mites north of mile marker 10. Mr. Fetty's vehicle struck the rear of Mr. Wilhelm's vehicle, and came to rest on its wheels in the northbound lane of Colorado 79 facing north. Mr. Fetty came to a controlled stop on the right shoulder of Colorado 79 facing north.

11. Mr. Wilhelm failed to yield the right away to Mr. Fetty's vehicle.

12. Mr. Wilhelm drove in a negligent manner.

13. Mr. Fetty sustained injuries, damages and losses as a direct and proximate result of Mr. Wilhelm's negligence.

## III. FIRST CLAIM FOR RELIEF
### (Negligence)

14.    Plaintiffs incorporate all previous paragraphs as if fully set forth herein.

15.    At all relevant times, Mr. Wilhelm was an employee of South Fork, and was acting within and course and scope of his employment.

16.    On July 6, 2011, Mr. Wilhelm was negligent with regard to the operation of the motor vehicle, causing a collision with the car Mr. Fetty was operating.

17.    Mr. Wilhelm owed Mr. Fetty and other drivers on the road a duty to operate the truck in a reasonable, safe, and careful manner.

18.    Mr. Wilhelm was negligent and breached his duty of care by failing to operate the truck in a reasonable, safe, and careful manner.

19.    Mr. Wilhelm was negligent in causing the July 25, 2014 collision by including, but not limited to, the following:

    a.    Failing to operate the truck in a reasonable manner, under the circumstances;

    b.    Failing to reasonably make a left-hand turn;

    c.    Failing to maintain a reasonable lookout; and

    d.    Failing to take reasonable actions to avoid the collision.

20.    As a direct and proximate result of the negligent conduct of Mr. Wilhelm, Mr. Fetty suffered injuries, damages, and losses, including neurological, and musculoskeletal injuries including, but not limited to, the following:

    a.    Chronic cervical pain with myofascial pain and dysfunction;

    b.    Cervical facet joint damage;

    c.    Cervical disk damage;

    d. Broken second toe and pain and swelling in his left lower extremity;

    e. Anxiety disorder;

    f. Traumatic brain injury;

    g. Post traumatic headaches;

    h. Post-concussive syndrome, and;

    i. Cognitive problems and memory problems related to his traumatic brain injury.

21. As a direct and proximate result of the negligence of Mr. Wilhelm, Mr. Fetty suffered past and future economic damages, past and future non-economic damages, past and future physical impairment damages, and past and future disfigurement damages.

## IV. SECOND CLAIM FOR RELIEF
**(Negligence *Per Se*)**

22. Plaintiffs incorporate all previous paragraphs as if fully set forth herein.

23. Mr. Wilhelm was in violation of one or more provisions of Colorado law, including, but not limited to, C.R.S. § 42-4-702.

24. C.R.S. §42-4-702 states, in pertinent part:

> The driver of a vehicle intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard. Any person who violates any provision of this section commits a class A traffic infraction.

25. At the time of the collision, C.R.S. §42-4-702 was in effect.

26. Mr. Wilhelm violated the provisions of this section.

27. The purpose of section C.R.S. §42-4-702 is to prevent against the type of injuries and losses Mr. Fetty sustained in this collision.

4

28. The violation of C.R.S. §42-4-702 constitutes negligence *per se*.

29. As a direct and proximate result of the negligence *per se* of Mr. Wilhelm, Mr. Fetty suffered injuries, damages, and losses, as more fully described above.

### V.  THIRD CLAIM FOR RELIEF
### (Negligent Entrustment)

30. Plaintiff incorporates by this reference all previous paragraphs of this Complaint as if fully set forth herein.

31. The Defendant South Fork supplied and permitted Mr. Wilhelm to operate the motor vehicle that was used to strike Mr. Fetty's vehicle in the above-referenced collision.

32. The automobile operated by Mr. Wilhelm that struck Mr. Fetty's vehicle was in the control of Defendant South Fork.

33. The Defendant South Fork gave permission to Mr. Wilhelm to operate the motor vehicle that struck Mr. Fetty, knowing or having reason to know that Mr. Wilhelm was likely to use a motor vehicle in such a manner as to create an unreasonable risk of harm to others.

### V.  FOURTH CLAIM FOR RELIEF
### (Negligent Hiring and Retention of an Employee/Independent Contractor)

34. Plaintiffs incorporate all previous paragraphs as if fully set forth herein.

35. Defendant South Fork knew or should have known that Mr. Wilhelm's conduct would subject third parties, including Mr. Fetty, to unreasonable risk of harm.

36. At the time Defendant South Fork hired Mr. Wilhelm as their employee and/or independent contractor, Defendant South Fork knew or should have known that Mr. Wilhelm's job duties would include driving a tractor/trailer and that Mr. Wilhelm's would come into close contact with members of the public.

37.     Defendant South Fork knew or should have known that Mr. Wilhelm would not be a safe driver and/or a dependable employee in that there was a foreseeable risk of injury to Mr. Fetty and other members of the public.

38.     Defendant South Fork knew or should have known that their hiring and retention of Andrew Wilhelm as an employee and/or independent Contractor would create an unreasonable risk of harm to others.

39.     As a direct and proximate result of Defendant South Fork's negligence in the hiring and/or retention of Mr. Wilhelm, Mr. Fetty sustained injuries and damages.

WHEREFORE, Plaintiff respectfully prays for compensatory damages in favor of the Plaintiff and against Defendants in an amount to be determined by the trier of fact, all interest allowed by law including all pre-judgment interest, pre-filing interest, and post-judgment interest, all costs allowed by law including expert witness fees, filing fees, and deposition expenses, and for such other and further relief as this Court may deem appropriate.

Respectfully submitted this 24th day of July, 2017.

THE GREER LAW GROUP, PLLC

*s/Marlo J. Greer*
Marlo J. Greer, #33086
3773 E. Cherry Creek North Drive
Suite 575
Denver, CO 80209

6

Case No. 1:17-cv-01791-JLK   Document 1   filed 07/24/17   USDC Colorado   pg 7 of 7